Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>EDGAR FRANKLIN FOULK,<br><br>and<br><br>TAMMARA LYNN FOULK,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2-14-bk-18084 DPC<br><br>**TRUSTEE'S RECOMMENDATION ON FIRST AMENDED PLAN**<br><br>(4/17/15) |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

(1) The secured debt to be paid to American Honda Finance Corp. is $23,810.86 as stated in the creditor's proof of claim, to be paid with interest at 1.90% as stated in the Plan.

(2) The proof of claim filed by Cavalry Spv/Capital One, N.A. is not provided for by the Amended Plan. The Debtors must resolve this discrepancy before the Trustee recommends confirmation of the Plan. The Trustee requires that: (a) the Debtor(s) file an objection to the proof of claim; (b) notify the Trustee **in writing** that the claim issue has been resolved and that the holder of the claim will sign the order confirming plan or (c) notify the Trustee **in writing** that the proposed order confirming plan will provide for payment pursuant to the proof of claim. If resolution of the claim changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with

any proposed Order confirming the Plan. If an objection to the proof of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the objection.

(3) The Plan includes a provision that the lien of Specialized Loan Servicing will be avoided. The Debtors must resolve the lien avoidance before confirmation of the amended plan. Any Order avoiding the lien must include a provision stating how the creditor shall be treated through the Plan. In addition, any proposed SOC must incorporate by either reference the Order avoiding the lien or Order in the adversary proceeding.

(4) The Trustee conditionally objects to the attorney fees requested in the Plan. The fee application in the Plan fails to provide for all services (other than representation in adversary proceedings) listed in paragraph (F)(1) of the Attorney Application for Payment of Attorney Fees. The Order Confirming Plan is to state that all services listed in paragraph (F)(1), except for adversary proceedings, are included in the flat fee amount.

(5) Mrs. Foulk's pay stubs show bonus income of $4,766.67. The net bonus income represents additional disposable income that must be turned over as supplemental payments to the Plan. The Trustee requires a copy of the most recent pay stub and the immediate turnover of net bonus income (if any) received post-petition. The order confirming plan must provide for the turn over of all future net bonus income to be paid into the Plan as supplemental payments.

(6) The Trustee requests a copy of the Debtors' state and federal income tax returns for 2014 and the turnover of the nonexempt tax refunds as supplemental payments to be paid to unsecured claims.

(7) <u>Plan payment status:</u> The Debtors' interim payments of $550.00 each are current through due date 3/9/15. Subsequent payments are due on the 9th day of each following month. The Trustee

reminds the Debtors that they may access case information from the Trustee's office, such as plan payments received, by going to www.13datacenter.com. Then, under the Debtor section, click 'Click Here to get started' and follow the instructions. Also, a debtor may get email notification of docket events by filling out the Bankruptcy Court's Debtor Email Registration Form. The form is available on the Court's website at www.azb.uscourts.gov and then going to Forms and Publications.

(8) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2014 - 2017 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10, by 4/17/15 Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming amended plan that meets the above requirements, or the Trustee could lodge a dismissal order.

Copy mailed or emailed to:

EDGAR FRANKLIN FOULK
TAMMARA LYNN FOULK
23416 SOUTH 156TH STREET
GILBERT, AZ 85298
Debtors

1  KENNETH L. NEELEY
   NEELEY LAW FIRM, PLC
2  2250 E. GERMANN RD., STE. 11
3  CHANDLER, AZ 85286
   Attorney for Debtors
4

5

6

7  _____
   *jmorales@ch13bk.com*
8